IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:11-cv-24079-DLG

LAKE TERRACES APARTMENTS, INC.,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON,

    Defendant.                             /

## DEFENDANT, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON'S, MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY AND RELATED MOTION FOR SANCTIONS

Defendant, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, files the following Motion to Compel Responses to the discovery, propounded to Plaintiff, LAKE TERRACES APARTMENTS, INC., including Interrogatories and Requests to Produce, and the related Motion for Sanctions and as grounds thereof state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. This action is grounded in a contract of insurance.

2. Pursuant to the Court's Scheduling Order Setting Pretrial Conference and Trial Dates (D.E. 18), the discovery deadline in this matter is August 20, 2012.

3. On or about March 21, 2012, Defendant, Certain Underwriters at Lloyd's of London served upon Plaintiff its First Set of Interrogatories pursuant to Rule 33 of the Federal

Rules of Civil Procedure.  *Copies of Defendant's First Set of Interrogatories and Request to Produce are attached hereto and collectively marked as Exhibit "A."*

4. On or about March 22, 2012, Defendant, Certain Underwriters at Lloyd's of London served upon Plaintiff its Request to Produces pursuant to Rule 34 of the Federal Rules of Civil Procedure.  *Copies of Defendant's First Set of Interrogatories and Request to Produce are attached hereto and collectively  marked as Exhibit "A."*

5. Plaintiff's responses to Defendant's First Set of Interrogatories and Request to Produce were due within thirty days, on or about April 20 and 21, 2012, respectively.

6. Plaintiff failed to provide any response to either the Interrogatories or the Request to Produce, nor did Plaintiff seek an extension in which it would provide said responses.

7. On or about April 24, 2012, Plaintiff's Counsel sent email correspondence to the undersigned, advising that Plaintiff was seeking remand of this action back to the state court and notifying that all pending proceedings in the Federal Court action were cancelled.  *A copy of the email correspondence is attached as Exhibit "B."*

8. In good-faith, after not receiving any response to its discovery requests, on or about April 25, 2012, the undersigned sent email correspondence to Plaintiff's Counsel, seeking responses to discovery and advising that Underwriters was not in agreement with Plaintiff's assertion that all pending obligations in the case were cancelled.  *A copy of the email correspondence is attached as Exhibit "C."*

9. Furthermore, the undersigned sent written correspondence to Plaintiff's Counsel on or about April 27, 2012, once again requesting the overdue responses to discovery.  *A copy of the correspondence is attached as Exhibit "D."*

10. To date, Plaintiff has failed to provide any response to the requests for the overdue discovery.

## ARGUMENT

Defendant propounded Interrogatories and a Request to Produce upon Plaintiff pursuant to Federal Rule of Civil Procedure 33 and 34. Such Rules require that the Plaintiff provide its answers, in writing, within thirty days after service. However, as Plaintiff has failed to provide timely responses, and inasmuch as Plaintiff has failed to provide any response to Defendant's good-faith attempts to secure said discovery, Defendant seeks an Order Compelling Discovery and Sanctions in accordance with Rule 37 of the Federal Rules of Civil Procedure. Specifically, Rule 37 of the Federal Rules of Civil Procedure states the following:

(a) Motion for an Order Compelling Disclosure or Discovery
   (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.
   \*\*\*
   (3) *Specific Motions*
   \*\*\*
   (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
   \*\*\*
   (iii) a party fails to answer an interrogatory submitted under Rule 33; or
   (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.
   \*\*\*
   (5) *Payment of Expenses; Protective Orders*
   (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . . [1]

---

[1] While obtaining sanctions is ordinarily a two-step process, if the responding party totally fails to respond to an entire discovery request, sanctions may be available immediately. *West Authors' Commentary on Rule 37.*

The undersigned certifies that the Defendant has, in good-faith, attempted to confer with Plaintiff in an effort to obtain Plaintiff's discovery responses; however Plaintiff has failed to provide any responses.

WHEREFORE, the Defendant requests that the Court enter an Order Compelling Discovery under Rule 37(a) and to Order Sanctions and all other such relief as the Court deems just and proper.

Dated this 4th day of May, 2012.

       Respectfully Submitted,

    BY: s/Robyn B. Feibusch
      ROBYN B. FEIBUSCH, ESQUIRE
      Florida Bar No.: 770930
      rfeibusch@powersmcnalis.com
      **POWERS MCNALIS TORRES TEEBAGY LUONGO**
      P.O. Box 21289
      West Palm Beach, FL 33416-1289
      (561) 588-3000 Telephone
      (561) 588-3705 Facsimile
      Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of May, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    BY: s/Robyn B. Feibusch
      ROBYN B. FEIBUSCH, ESQUIRE
      Florida Bar No.: 770930

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAKE TERRACES APARTMENTS, INC.
v.
CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON

CASE NO. 1:11-cv-24079-DLG

**SERVICE LIST**

Joseph W. Ligman, Esquire
joeligman@bellsouth.net
J. W. Frazer, Jr., Esquire
warrenfrazer@ligmanmartin.com
Ligman Martin, PL
15715 South Dixie Highway
Suite 319
Miami, FL 33157
Phone: (305) 255-1144
Fax: (305) 255-3775
Counsel for Plaintiff
Via CM/ECF


CHAUCE-12135/249
RBF/lmm/sam